IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE DUNCAN GROUP, LLC, on behalf of itself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-18-00123-JD |
| CIMAREX ENERGY CO., | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant Cimarex Energy Co.'s ("Cimarex") Motion to Strike Class Allegations ("Motion to Strike") [Doc. No. 83]. Plaintiff The Duncan Group, LLC ("Duncan") filed a Response [Doc. No. 87], to which Cimarex replied [Doc. No. 89].[1] For the following reasons, the Court declines to strike the class allegations but will take up the issues presented with the pending class certification motion.

Duncan, individually and on behalf of a class of others similarly situated, brings a claim of breach of lease against Cimarex, alleging systematic underpayment of royalties owed to the class (the lessors) by Cimarex (the lessee). Duncan claims that Cimarex improperly deducts from royalty payments costs for midstream services to natural gas and other constituents of the gas stream produced from wells in which putative class members hold royalty interests. In the Complaint [Doc. No. 1], Duncan defines the putative class as:

---

[1] The Court uses ECF page numbering in this Order.

> All royalty owners in Oklahoma wells operated or leased by Cimarex Energy Company that have produced gas or gas constituents (such as residue gas, or natural gas liquids) from January 1, 2013 to present and from which processing deductions have been taken from royalty. Excluded from the Class are: (1) the Mineral Management Service (Indian tribes and the United States); (2) Defendant, its affiliates, and employees, officers and directors; (3) Any NYSE or NASDAQ listed company (and its subsidiaries) engaged in oil and gas exploration, gathering, processing, or marketing; (4) all royalty owners to the extent they have sued Defendant for underpayment of royalties from January 1, 2013 to the present before this suit was filed; (5) all royalty owners that expressly authorized in their leases the deduction of processing costs from royalties; and (6) all royalty owners to the extent their wells are both subject to the class action settlement in *Chieftain Royalty Co. v. QEP Energy*, No. 5:11-cv-00212-R, and the well was subsequently acquired by Defendant or any of its affiliates.

*Id.* ¶ 10. As the party seeking to maintain a class action, Duncan bears the burden of proving compliance with Federal Rule of Civil Procedure 23. *See Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) ("[A] party seeking to maintain a class action must affirmatively demonstrate his compliance with Rule 23.") (citation omitted).

In the Motion to Strike, Cimarex contends that the Court should strike Duncan's class allegations under Rule 23(d)(1)(D) because the putative class identified in the Complaint is unascertainable. Rule 23(d)(1)(D) authorizes the Court to issue an order requiring "that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." According to Cimarex,

"ascertainability" is a prerequisite to class certification that Duncan cannot satisfy based on the class definition in the Complaint.[2]

The Tenth Circuit has not explicitly addressed an "ascertainability requirement," but it has indicated "the lack of identifiability" is a factor that may defeat Rule 23(b)(3) class certification. *Adler v. All Hours Plumbing Drain Cleaning 24-7-365 LLC*, No. 2:21-CV-00141, 2022 WL 15513196, at *10 (D. Utah Oct. 27, 2022) (citing *Shook v. El Paso Cnty.*, 386 F.3d 963, 972 (10th Cir. 2004)). Some district courts in the Tenth Circuit "have applied a standard of ascertainability which requires: first, that the class be defined with reference to objective criteria; and second, a reliable and administratively feasible mechanism for determining whether putative class members fall within the class definition." *Braver v. Northstar Alarm Servs., LLC*, 329 F.R.D. 320, 334 (W.D. Okla. 2018) (citing *In re Cox Enterprises, Inc. Set-Top Cable Television Box Antitrust Litig.*, No. 12-ML-2048-C, 2014 WL 104964, at *2 (W.D. Okla. Jan. 9, 2014)). This standard mirrors the tests for ascertainability adopted by the Third and Fourth Circuits. *See Hayes v. Wal-Mart Stores, Inc.*, 725 F.3d 349, 355 (3d Cir. 2013); *EQT Prod. Co. v. Adair*, 764 F.3d 347, 358 (4th Cir. 2014).

Many cases Cimarex points to take up ascertainability contemporaneously with class certification, either upon review of a plaintiff's motion for class certification or upon appellate review of a district court's order on such a motion. Indeed, this was the

---

[2] As pointed out by Duncan, Cimarex's Motion to Strike relies on, and challenges, evidence at issue, and is not limited to attacking the face of the complaint. Response [Doc. No. 87] at 6.

posture of the cases most supportive of Cimarex's position that the putative class here is unascertainable because identifying the member royalty owners would be arduous, complicated, individualized, and costly. *See EQT Prod. Co.*, 764 F.3d at 352; *McKnight v. Linn Operating, Inc.*, No. CIV-10-30-R, 2016 WL 756541, at *1 (W.D. Okla. Feb. 25, 2016); *Hicks v. Sw. Energy Co.*, 330 F.R.D. 183, 186 (E.D. Ark. 2018); *Abraham v. WPX Prod. Prods., LLC*, 317 F.R.D. 169, 174 (D.N.M. 2016).

Rather than determining, at this time, whether the class proposed by Duncan meets this apparent ascertainability requirement,[3] given the posture and reliance on evidence here, the Court elects to consider these arguments with Duncan's Motion for Class Certification [Doc. No. 68]. Thus, while the Court declines to strike the Complaint's class allegations, it will consider for resolution with its class certification analysis the parties' positions presented in the briefing on the Motion to Strike. The Court anticipates further addressing these issues at the hearing on the motion for class certification.

IT IS THEREFORE ORDERED that Cimarex's Motion to Strike Class Allegations [Doc. No. 83] is DENIED as specified in this Order.

IT IS SO ORDERED this 21st day of March 2023.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[3] At this time, the Court takes no position on whether ascertainability is a separate requirement or is subsumed under other Rule 23 factors.